**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TOMMIE SLACK,

Defendant - Appellant.

No. 24-2404

D.C. No.
4:22-cr-06003-MKD-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Mary K. Dimke, District Judge, Presiding

Submitted June 5, 2025[**]
Seattle, Washington

Before: HAWKINS, GOULD, and BUMATAY, Circuit Judges.

Tommie Slack ("Appellant") appeals his 108-month sentence following his

guilty plea to possession with intent to distribute fentanyl under 21 U.S.C. §

841(a)(1) and (b)(1)(B)(vi).  Appellant disputes the imposition of a two-level

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm during commission of the offense. Reviewing the district court's interpretation of the sentencing guidelines *de novo* and the application of those guidelines to the facts for abuse of discretion, *United States v. Parlor*, 2 F.4th 807, 811 (9th Cir. 2021), we have jurisdiction under 28 U.S.C. § 1291. We affirm.

There was no error in the application of the firearm enhancement. Under U.S.S.G. § 2D1.1(b)(1), "the government simply bears the burden of proving that the weapon was possessed at the time of the offense." *United States v. Alaniz*, 69 F.4th 1124, 1126–27 (9th Cir. 2023). The Government demonstrated constructive possession by bringing forward evidence tying Appellant to the vehicle where the firearm was found, including: a repair receipt for the vehicle in Appellant's name, Appellant's reference to the vehicle as "his Benz," his fiancé taking control of the vehicle after his arrest, Appellant's phone call with Agent Mitchell to challenge the removal of his personal items from the vehicle, and Appellant's awareness of the vehicle's change in performance after his arrest.

Nor was there "clear error" in determining the cooperating defendant, who further tied Appellant to the vehicle and the firearm, was credible. *See United States v. Baker*, 58 F.4th 1109, 1126 (9th Cir. 2023). Together, these facts demonstrate "a sufficient connection between the defendant and the item to support the inference that the defendant exercised dominion and control over the item." *United States v.*

*Baldon*, 956 F.3d 1115, 1127 (9th Cir. 2020) (internal quotations omitted) (cleaned up).

Nothing in the record suggests that there was improper reliance on U.S.S.G. § 1B1.3(a)(1)(b) as an alternative reason for applying the two-level firearm enhancement based on Appellant's personal possession of the firearm under U.S.S.G. § 2D1.1(b)(1).

**AFFIRMED.**